UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOS KYRTSOS and
MARGARET KYRTSOS, individually
and on behalf of their minor children,
S.K., G.K., A.K. and N.K., and
ANGELA KYRTSOS,

          Plaintiffs,

v.
                                        Case No. 10-cv-12295
                                        Paul D. Borman
                                        United States District Judge

LATONYA CASH-CALHOUN,
DANIELLE DYKENS, OFFICER
NICHOLAS SMISCIK, OFFICER
PAUL HART, OFFICER DAVID
ADAMS, all jointly and severally and
in their individual capacities, and
CITY OF SOUTHFIELD, a
municipality, jointly and severally,

          Defendants.

_____/

**ORDER (1) GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION, AND
(2) DISMISSING STATE LAW CLAIMS AGAINST
DEFENDANT CITY OF SOUTHFIELD**

       Before the Court is Defendant City of Southfield's Motion for Reconsideration, filed on

March 4, 2011. (Dkt. No. 39). Defendant requests that this Court reconsider its February 24, 2011

Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. (Dkt. No. 38). In that

Order, the Court dismissed the federal claims against the City of Southfield, but found that the state

law claims should not be dismissed because the Amended Complaint sufficiently alleged gross

negligence in avoidance of governmental immunity, as provided by Mich. Comp. Laws §

1

691.1407(2).   (Order at 12).   Defendant City of Southfield argues that the Court committed a

palpable defect in allowing the state law claims against it to go forward, because Michigan courts

have held that the gross negligence exception to governmental immunity only applies to individuals,

not governmental agencies themselves.   *See Gracey v. Wayne County Clerk*, 213 Mich. App. 412,

420 (1992), *overruled in part on other grounds by Am. Transmissions, Inc. v. Attorney Gen.*, 454

Mich. 135 (1997).

> Local Rule 7.1(g)(3) provides the standards for a motion for reconsideration:

>> Generally, and without restricting the Court's discretion, the court will not
>> grant motions for rehearing or reconsideration that merely present the same
>> issues ruled upon by the court, either expressly or by reasonable implication.
>> The movant must not only demonstrate a palpable defect by which the court
>> and the parties have been misled but also show that correcting the defect will
>> result in a different disposition of the case.

A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mktg.*

*Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997).

> Mich. Comp. Laws § 691.1407(2) states:

>> Except as otherwise provided in this section, . . . each officer and
>> employee of a governmental agency, each volunteer acting on behalf
>> of a governmental agency, and each member of a board, council,
>> commission, or statutorily created task force of a governmental
>> agency is immune from tort liability . . . if all of the following are
>> met:

>> [. . . .]

>> (c) The officer's, employee's, member's, or volunteer's conduct does
>> not amount to gross negligence that is the proximate cause of the
>> injury or damage.

> In *Gracey*, the Michigan Court of Appeals held that this gross negligence exception to

governmental immunity "does not state that it applies to the governmental agencies themselves."

2

213 Mich. App. at 420. The court reasoned that, "had the Legislature intended to include governmental agencies in the gross negligence exception to governmental immunity, it easily could have used the appropriate, general language." *Id.*

While there are no recent published cases upholding this portion of the *Gracey* opinion, it appears to be good law and is cited in recent unpublished cases. *See Williams v. Wayne County*, No. 09-14328, 2011 WL 479959 (E.D. Mich. Feb. 4, 2011); *Holmes v. City of Detroit*, No. 276949, 2008 WL 821591 (Mich. App. Mar. 27, 2008).

Accordingly, Plaintiffs' allegation of gross negligence cannot operate to except Defendant City of Southfield from governmental immunity, and the state law claims against the City will be dismissed.

For the reasons stated, the Court:

(1)    **GRANTS** Defendant's Motion for Reconsideration;

(2)    **REVERSES IN PART** its February 24, 2011 Order; and

(3)    **DISMISSES** all Plaintiffs' claims against Defendant City of Southfield.

The remaining Defendants in this case are Officer Nicholas Smiscik, Officer Paul Hart, Officer David Adams, Latonya Cash-Calhoun, and Danielle Dykens.

    **SO ORDERED.**


                                        S/Paul D. Borman
                                        PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE

Dated: March 14, 2011

3

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 14, 2011.

S/Denise Goodine
Case Manager