UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOS KYRTSOS and
MARGARET KYRTSOS, individually
and on behalf of their minor children,
S.K., G.K., A.K. and N.K., and
ANGELA KYRTSOS,

          Plaintiffs,

v.                                                                                          Case No. 10-cv-12295
                                                                                            Paul D. Borman
                                                                                            United States District Judge

LATONYA CASH-CALHOUN,
DANIELLE DYKENS, OFFICER
NICHOLAS SMISCIK, OFFICER
PAUL HART, OFFICER DAVID
ADAMS, all jointly and severally and
in their individual capacities,

          Defendants.
_____/

## ORDER GRANTING DEFENDANTS' EMERGENCY MOTION FOR A PROTECTIVE ORDER (Dkt. No. 47)

On August 16, 2011, Defendants Latonya Cash-Calhoun and Danielle Dykens filed an Emergency Motion for Protective Order. (Dkt. No. 47.) The Motion seeks to sequester the minor children plaintiffs from their parents during their depositions, which are scheduled for August 23, 2011. The remaining Defendants filed a Response concurring in the requested relief. (Dkt. No. 49.) The Plaintiffs filed a Response on August 22, 2011. (Dkt. No. 52.) Defendants filed a Reply, also on August 22, 2011. (Dkt. No. 53.)

The Court has authority to exclude specific persons, including parties to the litigation, from depositions pursuant to Federal Rule of Civil Procedure 26(c)(1)(E). While there is no

1

Sixth Circuit authority directly on point, where a party to the litigation is to be excluded from a deposition, courts have generally required some compelling circumstances justifying the relief. *See Galella v. Onassis*, 487 F.2d 986, 997 (2d Cir. 1973) (finding district court's order excluding plaintiff from deposition was justified where plaintiff had previously violated a restraining order, and further misconduct could reasonably be founded); *In re Levine*, 101 B.R. 260, 262 (Bank. D. Colo. 1989) (allowing trustee to sequester certain party deponents where they had allegedly conspired to commit fraud); *Beacon v. R.M. Jones Apartment Rentals*, 79 F.R.D. 141, 142 (N.D. Oh. 1978) (precluding certain parties from attending depositions because "an order of separation of witnesses, made routinely in trials, will permit the greatest opportunity for evaluation of the testimony secured."); *see also In re Wilkinson*, 137 F.3d 911, 918 (6th Cir. 1998) (Jones, J., dissenting).

In the instant case, Plaintiffs' eldest child, Dianna Dodge, has testified that Plaintiff Christos Kyrtsos regularly instructed his children to lie about their treatment at home.

> A. When we moved to Michigan, we were instructed not to tell anybody that we were hit. When I was in elementary school at Bingham Farms, I was threatened multiple times by Christos that he would give me up to a foster home or give me up for adoption if I did not do as he said. As we got older, Chris has made statements to all of us, implying that if we were to ever tell what goes on in the home, his abuse of us, or if anybody ever found out and turned him in, whoever turned him in, he would do his time, he did admit to us that he though he would end up going to jail. He said he would do this time. When he came out, he would get a gun illegally and shoot whoever told, as well as anybody that helped.
>
> Q. When did he tell you this?
>
> A. He has told me this multiple times during the period when I

> was home schooled as well as, at least one time when I was
> in college.

(Defs.' Br. Concurring with Mot. for Prot. Order, Ex. A, Dodge Dep. 21-22.)

If Plaintiff Christos Kyrtsos has attempted to hide his abuse by threatening his children, then sequestering the children during their depositions "will permit the greatest opportunity for evaluation of the testimony secured." *Beacon*, 79 F.R.D. at 142. The Court notes that the minor children will have counsel present during the deposition and "will thus be fully, competently, and effectively represented at such deposition." *In re Levine*, 101 B.R. at 262.

The Court finds that this is a compelling reason which justifies the exclusion of the Plaintiff parents from the depositions of their children.

**IT IS THEREFORE ORDERED** that Defendants' Emergency Motion for Protective Order is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiffs Christos Kyrtsos and Margaret Kyrtsos shall not attend the depositions of their minor children, S.K., G.K., A.K., and N.K., or the deposition of Plaintiff Angela Kyrtsos.

_____
PAUL D. BORMAN
UNITED STATES DISTRICT COURT JUDGE

Dated: 8-22-11
Detroit, Michigan