UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOS KYRTSOS and MARGARET KYRTSOS,
individually and on behalf of their minor children,
S.K., G.K., A.K. and N.K.,

    and

ANGELA KYRTSOS,

        Plaintiffs,

  vs.

LATONYA CASH-CALHOUN, DANIELLE
DYKENS, Officer NICHOLAS SMISCIK,
Officer PAUL HART, Officer DAVID
ADAMS, all jointly and severally and in their
individual capacities

CASE NO. 2:10-CV-12295
JUDGE PAUL D. BORMAN
MAGISTRATE JUDGE PAUL J. KOMIVES

        Defendants,
_____/

### REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** The Court should grant the motion of defendants Latonya Cash-Calhoun and Danielle Dykens (Doc. Ent. 112) and the motion of defendant officers Smiscik, Hart and Adams (Doc. Ent. 117) which both seek reimbursement of the costs incurred in obtaining the depositions of plaintiffs Christsos Kyrtsos and Margaret Kyrtsos. The Court should provide in its order, however, that plaintiffs need pay only once for the actual costs and need not pay twice for the same costs to both sets of defendants. The Court should also overrule all other objections put forward by plaintiffs.

**II.**    **REPORT:**

1

A.     *Procedural Background*

1.     On March 23, 2012, the Court entered an opinion and order granting Adams, Hart and Smiscik's motion for summary judgment (Doc. Ent. 73),[1] granting Cash-Calhoun's motion for summary judgment (Doc. Ent. 76), granting Dykens's motion for summary judgment (Doc. Ent. 77) and dismissing the action. Doc. Ent. 103.

2.     On the same date (March 23, 2012), the Court entered Judgment for Defendants (Doc. Ent. 104). The Judgment provided that the defendants recover costs from Plaintiffs.

B.     *Cash-Calhoun's Motion to Review Taxation Clerk's Action (Doc. Ent. 112)*

**1.**     On April 20, 2012, counsel for defendant Latonya Cash-Calhoun submitted a Bill of Costs requesting the Clerk of the Court to tax as costs the amount of $2, 259.32 incurred as fees for printed or electronically recorded transcripts necessarily obtained for use in the case, specifically for use in a motion for summary judgment (Doc. Ent. 108).

**2.**     On the same date (April 20, 2012) the Clerk of the Court issued a Taxed Bill of Cost allowing only $1,155.51 (Doc. Ent. 110). In an attachment, the Clerk explained that the August 29, 2011 deposition of Angela Kyrtsos was not used as an attachment in support of defendant Cash-Calhoun's motion for summary judgment (Doc. Ent. 76) or in support of the subsequent reply in support (Doc. Ent. 95) and was therefore not taxable. Only the August 30, 2011 deposition of Angela Kyrtsos was used. In addition, the deposition of Margaret Kyrtsos was not used by the defendant in support of its motion for summary judgment or subsequent reply in support and was therefore not taxable. *See* Doc. Ent. 110 at 2.

---

[1] Among the attachments to this motion are the transcripts of Margaret Kyrtsos's deposition (Doc. Ent. 73-4 [July 6, 2011], Doc. Ent. 73-5 [July 19, 2011]) and Angela Kyrtsos's deposition (Doc. Ent. 73-12 at 2-45 [August 29, 2011] and Doc. Ent. 73-12 at 46-82 [August 30, 2011]).

3.     In his motion to review the taxation clerk's action (Doc. Ent. 112), counsel for defendants Cash-Calhoun and Danielle Dykens noted that the deposition of Angela Kyrtsos lasted two days (August 29 and August 30). While the motion for summary judgment cited only portions from the second day, counsel argues that the cost for both days should be considered as a single deposition rather than two separate depositions because, as stated on the deposition record, the first day concluded because the witness was unable to continue testifying that day.

With regard to the deposition of Margaret Kyrtsos, counsel notes that he did reference her deposition transcript in his reply to plaintiff's response to the summary judgement motion; however, in light of the already voluminous record, he cited to an already filed version of the document rather than attach a further copy of the same transcript.

4.     On April 30, 2012, the district judge entered an order (Doc. Ent. 115) referring the Cash-Calhoun's motion to amend the taxed bill of costs to me.[2]

5.     On June 29, 2012 plaintiffs filed a pleading (Doc. Ent. 138) which the Clerk of the Court has docketed as at least in part a response to the defendants' motion (Doc. Ent. 112). This fifty page pleading is entitled as "Plaintiffs' response to objections to the taxed bill of costs for [Doc. Entries 112 and 117] and request for sanctions against the defendants with brief attached." The only portion of this lengthy pleading which addresses in any fashion the assertions made by defense counsel in support of his request to include the costs of the Angela Kyrtsos deposition for both days

---

[2]On May 1, 2012, I issued an order (Doc. Ent. 121) setting May 30, 2012 as the deadline for plaintiffs to file a response to the defendants' motions (Doc. Entries 112 and 117).

On May 25, 2012, plaintiffs filed a motion (Doc. Ent. 130) to extend their time to file responses. On May 29, 2012, the district judge entered an order (Doc. Ent. 133) referring the plaintiffs' motion (Doc. Ent. 130) to me. On the same day I entered an order granting the motion and extending plaintiffs' time to file responses to June 30, 2012.

on which she testified (August 29 and 30) is found on page 5, where plaintiffs contend that defense counsel went beyond the seven-hour limit permitted by Rule 30(d)(1) of the Federal Rules of Civil Procedure in the absence of court approval. *See* Doc. Ent. 138 at 8 (p. 5).

9. On July 9, 2012, defense counsel filed a reply (Doc. Ent. 141) to the response. Counsel notes that instead of addressing whether the deposition transcripts of Angela and Margaret Kyrtsos are properly taxable, plaintiffs have instead launched an attack on the integrity of defense counsel. Because the Court has already ordered that defendants are entitled to recover costs from plaintiffs, counsel urges that the Court overrule the Clerk's "hyper-technical" interpretation of the provisions in the bill of costs handbook and award defendants the full costs associated with these two depositions.

C. *Smiscik, Hart and Adams's Motion to Tax Costs and to Deny Plaintiff's Objections (Doc. Ent. 117)*

1. On April 20, 2012, defendant officers Smiscik, Hart and Adams filed a "Report of Costs Awarded in the Judgment." Doc. Ent. 109. This report sought an award of $14,124.88. This total included a request in the amount of $4,105.00 as reimbursement of costs for the deposition of Angela Kyrtsos (Doc. Ent. 73-12), described as "transcript and court reporter expenses[.]" Doc. Ent. 109 at 2 ¶ 7.

2. On April 23, 2012, the Clerk of the Court issued a Taxed Bill of Costs in which he reduced the amount claimed for Court Reporter Fees ($14,061.24) to $6,834.99 (Doc. Ent. 111). The Clerk explained that all realtime costs ($1,036.25) are not allowed, citing the Handbook at Section II,C,2,a, page 4. All video tape deposition costs (#2,085.00 are not allowed as there is no documentation that the videotaped depositions were used in court, citing the handbook at Section II, C, 1,e,page 3. The $4,105.00 in transcript costs as to Angela Kyrtsos (documented as used in

4

support of Doc. Ent. 73 [the officer defendants' October 26, 2011 dispositive motion]) was not taxable as it was unclear as to how the $4,105.00 in costs was derived from invoices 45838 and 485849, citing the Handbook at Section I,C, page 2.

    **3.**      On April 30, 2012 defendant officers Smiscik, Hart and Adams filed their motion to tax costs and to deny plaintiff's objections (Doc. Ent. 117). This motion in part advances the same contention with regard to the deposition of Angela Kyrtsos as counsel for Cash-Calhoun and Danielle Dykens, namely, that Plaintiff Angela Kyrtsos participated in one deposition that spanned two separate dates as a result of her having discontinued her deposition on August 29, 2011 and her agreement to finish the examination the following day. Doc. Ent. 117 at 3 ¶ 8 (citing Doc. Ent. 73-12 at 45 (p.174)). Counsel attached an exhibit to his motion, consisting of a copy of an email received from the court reporter explaining the breakdown of invoices 485849 and 485838 regarding the deposition of Angela Kyrtsos. Doc. Ent. 117-1. Counsel submits this explanation because the Clerk considered the original court reporter invoice to be ambiguous and this exhibit clearly delineates those costs attributable solely to the deposition of Plaintiff Angela Kyrtsos, totaling $1581.65 for the preparation of the transcript, one copy, and delivery of same as noted by the court reporter. Doc. Ent. 117 at 2 ¶¶ 2, 4. Because the Clerk has already taxed cost payable to defendants in the amount of $6898.63, the inclusion of the costs claimed for the Angela Kyrtsos deposition would increase the total costs to be paid to $8480.68. Doc. Ent. 117 at 3 ¶ 9.

    **4.**      Defendants' counsel notes that plaintiffs have objected (Doc. Ent. 113) to certain costs he initially requested to be taxed by the Clerk, but also notes that the costs for which plaintiffs seek exclusion have already been taken into account and excluded by the Clerk in the bill of taxable costs (Doc. Ent. 111) which was issued. *See* Doc. Ent. 117 at 3 ¶¶ 11-12.

**5.**     On May 1, 2012, the district judge entered an order (Doc. Ent. 118) referring Smiscik, Hart and Adams's motion to tax costs and to deny plaintiff's objections to me.

**D.**     *Conclusions*

**1.**     The deposition of Angela Kyrtsos was a single deposition taking place on August 29 and 30, 2011 (*see* Doc. Ent. 73-12), and defendants are entitled to recover the costs associated with both days.

**2.**     The deposition of Margaret Kyrtsos (Doc. Ent. 73-4 [July 6, 2011], Doc. Ent. 73-5 [July 19, 2011]) was an exhibit to a motion for summary judgment filed by counsel for David Adams, Paul Hart and Nicholas Smiscik (Doc. Ent. 73), and the costs paid by counsel that are associated with the taking of this deposition are taxable costs.

**3.**     The objections in the nature of allegations by plaintiffs regarding the conduct of defense counsel (*see* Doc. Ent. 138 at 7-13) should be overruled as untimely because they were not put forward during the time this case was pending and before judgment was entered. Plaintiffs acknowledge this to be the case in their request for sanctions (Doc. Ent. 138 at 12).

**4.**     If the Court accepts this report and recommendation, the order to be entered should provide that plaintiffs are not liable to pay the same costs twice with regard to the depositions of Angela and Margaret Kyrtsos.

**III.     NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of*

*Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives<br>
PAUL J. KOMIVES<br>
UNITED STATES MAGISTRATE JUDGE

Dated: 10/16/12

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on October 16, 2012.
>
> s/Eddrey Butts
> Case Manager