UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOS KYRTSOS and
MARGARET KYRTSOS, individually
and on behalf of their minor children,
S.K., G.K., A.K. and N.K., and
ANGELA KYRTSOS,

            Plaintiffs,

v.                                                          Case No. 10-cv-12295
                                                            Paul D. Borman
                                                            United States District Judge

LATONYA CASH-CALHOUN,
DANIELLE DYKENS, OFFICER
NICHOLAS SMISCIK, OFFICER
PAUL HART, OFFICER DAVID
ADAMS, all jointly and severally and
in their individual capacities, and
CITY OF SOUTHFIELD, a
municipality, jointly and severally,

            Defendants.

_____/

**OPINION AND ORDER**
**(1) DENYING PLAINTIFFS' MOTION UNDER RULE 60(b) FOR RELIEF FROM**
**ORDER OF SUMMARY JUDGMENT (Dkt. No. 156), and**
**(2) ORDERING THAT PLAINTIFFS ARE BARRED FROM FILING ANY PLEADINGS**
**OR OTHER MATERIALS IN THIS COURT**

On March 23, 2012, the Court granted Defendants' motions for summary judgment and

entered a judgment in favor of Defendants. (Dkt. Nos. 103 and 104.) On April 19, 2012, Plaintiffs

filed a Notice of Appeal. (Dkt. No. 105.) That should have been the end of the District Court

receiving motions by the Plaintiffs. Instead, this Court has been inundated with a deluge of

improper motions from Plaintiffs. This Order stops the deluge pending a decision on Plaintiffs'

appeal to the United States Court of Appeals for the Sixth Circuit. Plaintiffs are barred from filing any new pleadings or other materials in this matter with this District Court.

**A. Plaintiffs' Rule 60(b) Motion**

On September 25, 2012, Plaintiffs, proceeding *pro se*, filed a Motion Under Rule 60(b) for Relief From Order of Summary Judgment. (Dkt. No. 156.)

Federal Rule of Civil Procedure 60(b) allows the Court to "relieve a party or its legal representative from a final judgment, order, or proceeding" due to, *inter alia*: "(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); [or] (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party . . . ." "Relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007) (citations and internal quotations omitted).

The filing of a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Taylor v. KeyCorp*, 680 F.3d 609, 616 (6th Cir. 2012) (citation omitted). The Court is therefore without authority to grant Plaintiffs' motion. However, under new Federal Rule of Civil Procedure 62.1, the Court "can entertain the motion and deny it . . . ." Fed. R. Civ. P. 62.1 advisory committee's note. The Rule provides:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or

> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1.

Plaintiffs argue that misconduct by Defendants' counsel during the depositions of Plaintiffs' children justifies relief from the Court's March 23, 2012 Opinion and Order. While Rule 60(b)(3) does provide for relief from an order due to the misconduct of opposing counsel, the rule "clearly requires the moving party to show that the adverse party committed a deliberate act that adversely impacted the fairness of the relevant legal proceeding in question." *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 455 (6th Cir. 2008) (citation and internal punctuation omitted). Plaintiffs have failed to show how the behavior of counsel during certain depositions adversely impacted the fairness of the Court's decision on Defendants' motions for summary judgment.

Plaintiffs also claim that new evidence shows that Defendants lied and misstated facts regarding the timing of the removal of Plaintiffs' children from their home on June 11, 2008. But none of the evidence presented by Plaintiffs is actually new. Plaintiffs instead rely on their interpretations of the same depositions and exhibits that were available prior to the Court's March 23, 2012 Opinion and Order. Plaintiffs have thus failed to "demonstrate (1) that [they] exercised due diligence in obtaining the information and (2) that the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998) (citation and punctuation omitted). Plaintiffs have presented the same evidence that was available to the Court prior to the March 23, 2012 Opinion and Order. The evidence is therefore not new, and Plaintiffs cannot show that it would have produced a different result if presented before the judgment, because it *was* presented before the judgment.

3

Plaintiffs have failed to demonstrate that they are entitled to relief from the March 23, 2012 Opinion and Order under Rule 60(b). Accordingly, the Court will deny Plaintiffs' motion pursuant to Rule 62.1(a)(2).

**B. Plaintiffs Are Barred From Filing Further Pleadings Without Leave of This Court**

As noted *supra*, the Court entered a judgment in favor of Defendants in this matter on March 23, 2012, and Plaintiffs filed a Notice of Appeal on April 19, 2012. Shortly thereafter, Plaintiffs began proceeding *pro se*. *See* May 31, 2012 Opinion and Order Granting Motion for Withdrawal of Plaintiffs' Counsel. (Dkt. No. 137.)

After filing their Notice of Appeal, and over the course of the last six months, Plaintiffs have filed with this Court 19 different documents, a number of which are improper and in violation of the Local Rules, including, *inter alia*, letters to the Court (Dkt. Nos. 114 and 120), multiple reply briefs to a single motion which exceed the five-page limit for such pleadings (Dkt. Nos. 159 and 160), and a 50-page response brief that exceeds the 20-page limit for such briefs, and also serves as a motion for sanctions against Defendants (Dkt. No. 138).

The Court finds that Plaintiffs' multitude of post-judgment, post-notice-of-appeal filings in this matter, many of which violate the local rules, evidence vexatious litigation by Plaintiffs. Plaintiffs are therefore barred from filing any further pleadings or other materials in this matter until the United States Court of Appeals for the Sixth Circuit rules on their appeal.

For the reasons stated above, the Court:

(1) **DENIES** Plaintiffs' Motion Under Rule 60(b) for Relief From Order of Summary Judgment; and

(2) **ORDERS** that Plaintiffs are barred from filing any pleadings or other materials in this

4

matter with this District Court until the United States Court of Appeals for the Sixth Circuit rules

on their appeal.


**SO ORDERED.**




s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  November 5, 2012

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or the following
individuals by U.S. Mail on November 5, 2012.

Christos Kyrtsos
30501 Marimoor Street
Beverly Hills, MI 48025

Margaret Kyrtsos
30501 Marimoor Street
Beverly Hills, MI 48025

Angela Kyrtsos
30501 Marimoor
Beverly Hills, MI 48025

on  November 5, 2012.


s/Denise Goodine
Case Manager