UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOS KYRTSOS and
MARGARET KYRTSOS, individually
and on behalf of their minor children,
S.K., G.K., A.K. and N.K., and
ANGELA KYRTSOS,

        Plaintiffs,

v.
                                      Case No. 10-cv-12295
                                      Paul D. Borman
                                      United States District Judge

LATONYA CASH-CALHOUN,
DANIELLE DYKENS, OFFICER
NICHOLAS SMISCIK, OFFICER
PAUL HART, OFFICER DAVID
ADAMS, all jointly and severally and
in their individual capacities,

        Defendants.
_____/

**OPINION AND ORDER**
**(1) DENYING PLAINTIFFS' OBJECTIONS TO THE MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION,**
**(2) GRANTING DEFENDANTS DANIELLE DYKENS AND LATONYA CASH-**
**CALHOUN'S MOTION TO REVIEW TAXATION CLERK'S ACTION (Dkt. No. 112),**
**(3) GRANTING DEFENDANT OFFICERS SMISCIK, HART, AND ADAMS'S MOTION**
**TO TAX COSTS (Dkt. No. 117), and**
**(4) STRIKING PLAINTIFFS' MOTION TO AMEND THE OFFICIAL RECORD**
**(Dkt. No. 167)**

      The Court entered judgment in favor of the Defendants in this matter on March 23, 2012.

(Dkt. No. 104.)  On April 20, 2012, Defendants Danielle Dykens and Latonya Cash-Calhoun filed

a Bill of Costs.  (Dkt. No. 108.)  Defendants David Adams, Paul Hart, and Nicholas Smiscik, filed

a separate Bill of Costs on the same day.  (Dkt. No. 109.)  The Clerk denied certain costs in response

to both of the Defendants' Bills of Costs, allowing $1,155.51 in taxed costs to Defendants Dykens

and Cash-Calhoun, and $6,898.63 to Defendants Adams, Hart, and Smiscik.  (Dkt. Nos. 110 and 111.) On April 27, 2012, Defendants Dykens and Cash-Calhoun filed a Motion to Review Taxation Clerk's Action.  (Dkt. No. 112.)  On the same day, Plaintiffs filed Objections to Defendants Adams, Hart, and Smiscik's Bill of Costs.  (Dkt. No. 113.)  On April 30, 2012, Defendants Adams, Hart, and Smiscik filed a Motion to Tax Costs and to Deny Plaintiff's [sic] Objections.  (Dkt. No. 117.)  The Court referred these motions to the Magistrate Judge for a Report and Recommendation.  (Dkt. Nos. 115, 118.)

Magistrate Judge Paul J. Komives held a hearing on the motions on August 28, 2012, and filed a Report and Recommendation on October 16, 2012.  (Dkt. No. 161.)  Plaintiffs filed Objections to the Magistrate Judge's Report and Recommendation on October 30, 2012.  (Dkt. No. 165.)

On May 6, 2013, Plaintiffs filed a Motion to Amend the Official Record.  (Dkt. No. 167.)

**A.  Plaintiffs' Objections to the Magistrate Judge's Report and Recommendation**

In his Report and Recommendation, Magistrate Judge Komives recommends granting both of Defendants' motions and denying Plaintiffs' objections.  Magistrate Judge Komives further provides that the Court should specify in its order that Plaintiffs should only pay once for the actual costs and need not pay both sets of Defendants.

In their Objections, Plaintiffs argue that the Magistrate Judge erred by ignoring the alleged "misconduct by the Defense counsel[.]"  (Pls' Objs. 7.)  Plaintiffs also object because "[i]t is clear that the Magistrate was prejudice [sic] against the Plaintiffs . . . ."  (*Id.*)  Plaintiffs further appear to argue that Defendants are not entitled to costs for certain depositions that, they believe, should have been objected to by prior Plaintiffs' counsel, but were not.  Plaintiffs also contend that costs were

improperly calculated by the Court Clerk.  Plaintiffs' remaining arguments are, again, based on the alleged misconduct of Defense counsel, or assert that costs should not be allowed because this Court should not have granted summary judgment in Defendants' favor.

The Court reviews *de novo* the portions of a report and recommendation to which a party has filed objections.  28 U.S.C. § 636(b)(1).

The Magistrate Judge reasoned that Plaintiffs' objections to the Bill of Costs should be denied because they were not timely raised.  The Court agrees with the Magistrate Judge's reasoning.  Plaintiffs acknowledge that their objections were not timely raised, claiming that "Plaintiffs' prior Counsels were unwilling to bring such points forward."  (Dkt. No. 138, Pls.' Resp. to Objs. to the Taxed Bill of Costs at 9.)  The Court will deny Plaintiffs' untimely objections.

The Court further finds that the Taxed Bill of Costs properly accounts for the removal of "Realtime" and other disallowed costs.  As Plaintiffs note in their Objections, the Clerk obtained the amounts taxed from the court reporting service Bienenstock.  (Pls.' Objs. 13.)  The Court will not revise the Taxed Bill of Costs based on Plaintiffs' own calculations regarding the amount they believe should have been charged for the taxable items at issue.

Plaintiffs' argument that the Magistrate Judge was biased against them is meritless.  Furthermore, to the extent that Plaintiffs have raised new arguments in their Objections, the Court deems these arguments waived and will decline to address them.  *See United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (noting that issues raised for the first time in objections to a magistrate judge's report and recommendation are deemed waived).

Accordingly, the Court will **DENY** Plaintiffs' Objections and **ADOPT** the Magistrate Judge's Report and Recommendation **GRANTING** Defendants' Motion to Review Taxation Clerk's

Action (Dkt. No. 112) and **GRANTING** Defendants' Motion to Tax Costs (Dkt. No. 117).  The

Court further **ORDERS** that Plaintiffs need pay only once for the actual costs and need not pay

twice for the same costs to both sets of defendants.

**B.  Plaintiff's Motion to Amend the Official Record**

On November 5, 2012, this Court entered an Opinion and Order that barred Plaintiffs from

filing any pleadings or other materials in this Court.  (Dkt. No. 166.)  The Court stated, in pertinent

part, as follows:

> The Court finds that Plaintiffs' multitude of post-judgment, post-
> notice-of-appeal filings in this matter, many of which violate the
> local rules, evidence vexatious litigation by Plaintiffs. Plaintiffs are
> therefore barred from filing any further pleadings or other materials
> in this matter until the United States Court of Appeals for the Sixth
> Circuit rules on their appeal.

(Nov. 5, 2012 Op. and Order at 4.)

On May 6, 2012, Plaintiffs filed a Motion to Amend the Official Record.  (Dkt. No. 167.)

The motion states as follows:

> Based on Federal Rules of Appellate Procedure Rule [sic] 10(e), the
> Plaintiffs respectfully request the Court to add to the official record
> all documents (including motions and responses from Plaintiffs and
> Defendants, and opinions and orders from the Judge and Magistrate)
> that occurred after Summary Judgment (doc. 104).

(Pls.' Mot. to Amend 1.)

Plaintiffs' motion violates the following Local Rules: (1) the motion is not double-spaced

and does not include page numbers (E.D. Mich. LR 5.1(a)(2)); (2) the motion does not indicate

whether concurrence was sought from the other parties in this matter (E.D. Mich. LR 7.1(a)); and

(3) the motion does not contain a separately paginated brief (E.D. Mich. LR 7.1(d)).

In addition to the above Local Rule violations, Plaintiffs' motion is meritless and improper.

Federal Rule of Appellate Procedure 10(e) provides that, "[i]f anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded . . . (B) by the district court before or after the record has been forwarded . . . ." Fed. R. App. P. 10(e)(2). Plaintiffs have not indicated how an "error or accident" has resulted in an omission from the record on appeal. Furthermore, the documents Plaintiffs request to be added are already part of this Court's record. *See* Dkt. Nos. 105-166.

Plaintiffs' Motion to Amend the Official Record is therefore yet another example of Plaintiffs' improper and vexatious litigation in this Court. Accordingly, pursuant to its November 5, 2012 Opinion and Order, the Court will **STRIKE** Plaintiffs' motion. Further vexatious filings will subject Plaintiffs to monetary sanctions under this Court's inherent authority. *See Fharmacy Records v. Nassar*, 248 F.R.D. 507, 529 (E.D. Mich. 2008), *aff'd*, 379 Fed. Appx. 522 (6th Cir. 2010); *see also First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 511 (6th Cir. 2002).

      **SO ORDERED**

                            s/Paul D. Borman
                            PAUL D. BORMAN
                            UNITED STATES DISTRICT JUDGE

Dated: July 11, 2013

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 11, 2013.


s/Deborah Tofil
Case Manager